IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

JAMES PATRICK CAVER,

    Plaintiff,

vs.                              CASE NO. CV-00-J-1679-NE

HART AMBULANCE RESPONSE &
TREATMENT, INC., et al.,

    Defendants.

## MEMORANDUM OPINION

Currently pending before the court is the defendant First Community Health Plan's ("First Community") motion for summary judgment (doc. 23), filed May 1, 2001, to which the plaintiff has not responded. A summary judgment scheduling order was entered by this court on September 27, 2000 (doc. 14), which set forth time limits for responding to such motions.

### I. Procedural History

Plaintiff commenced this action by filing a complaint in the Circuit Court for Morgan County, Alabama, alleging that he was an employee of Hart Ambulance Response & Treatment, Inc. ("Hart"), and he was insured under a contract for group health insurance benefits with defendant First Community. Complaint at Count One, ¶ 3. The plaintiff claims that all defendants breached their contract with him by canceling medical coverage without notice to the plaintiff or by refusing to pay benefits due under the contract. Complaint at Count One, ¶ 4. The plaintiff also states a claim for suppression of the fact that

funds or premiums due under the policy were not paid and suppression of the fact that plaintiff did not have coverage. Complaint at Count Two, ¶ 2. The plaintiff also states claims for misrepresentation (Count Three), and for negligence (Count Six). All defendants jointly removed the case to this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e), based on the plaintiff's state law claims being preempted by ERISA (doc. 1).[1]

## II. Uncontested Facts

The plaintiff alleges that First Community breached its duty as an ERISA fiduciary by failing to notify the plaintiff that his employer, Hart, was delinquent in making premium payments on the group health plan and that this breach resulted in First Community being liable for plaintiff's medical bills. Pursuant to his employment, the plaintiff had health insurance through a group policy of insurance Hart obtained from First Community. Affidavit of Lingar at ¶ 3. The contract between Hart and First Community states:

> The Group shall make monthly Subscription Fee payments on behalf of Subscribers and their Dependants who are also members. Members shall be entitled to receive coverage under this Contract only when the Plan receives the monthly Subscription Fee from the Group and it is only for the month in which the Subscription Fee is received. If the Group fails to make the Subscription Fee payments when due, a grace period of 31 days will be allowed to the Group for the payment of any Subscription Fee. Coverage shall be provided under this Contract during this 31-day grace period, provided that the outstanding Subscription Fee is paid within that period. In the event that the Group does not pay the outstanding Subscription Gee within the 31-day

---

[1] All state law claims and claims for punitive damages were dismissed from this case on July 13, 2000 (doc. 9). Defendant LifeCare was dismissed from this case on January 22, 2001 (doc. 18). Defendant William Guy Holloway, Jr., was dismissed by the court on May 17, 2001 pursuant to notice of filing of a bankruptcy petition by him (doc. 25).
    On March 21, 2001, this court, upon motion and after a hearing, allowed counsel for Hart to withdraw (docs. 19, 21).

>grace period, all coverage under this Contract shall terminate retroactive to the date upon which the outstanding Subscription Fees were initially due and may be reinstated only with concurrence of the Plan.

*See* Agreement, submitted as exhibit A to defendant's memorandum, at §7, ¶ E. *See also* Agreement, at § 4, ¶ C(1). The plaintiff was not a party to the contract between Hart and First Community. Affidavit of Lingar at ¶ 3.

On July 19, 1999, First Community notified Hart that delinquent payment had to be received by July 30, 1999 in order to maintain coverage. Affidavit of Lingar at ¶ 3. A second late notice was sent to Hart on August 11, 1999. *Id.* On September 13, 1999, First Community sent Hart a final notice stating that coverage under the policy terminated retroactive to June 30, 1999 for non payment of premiums. *Id.*; Exhibit B-2. On September 27, 1999, First Community sent certificates of Group Health Coverage to Hart's employees to provide them with evidence of prior health coverage, as required by law. Affidavit of Lingar at ¶ 4; Exhibit B-3. First Community admits it did not notify Hart's employees of the termination of coverage as that was Hart's duty by contract. Affidavit of Lingar at ¶¶ 5, 6; Plan at 41-42 ("How Coverage Ends); Plan at 44 ("Notice of Termination of Coverage"), submitted as Exhibit C to defendant's memorandum.

After the Plan was suspended due to Hart's non payment, First Community paid some of the plaintiff's claims and did not attempt to recover any sums paid on his or his family's behalf after the policy retroactively terminated. Lingar affidavit at ¶ 7; Exhibit B-4. First Community specifically paid for a portion of the outpatient procedure performed on

plaintiff's wife on August 6, 1999, although the plaintiff states in his complaint that benefits for this procedure were not paid.

### III. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Federal Rule of Civil Procedure 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Federal Rule of Civil Procedure 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case .... A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AL Transport*, 229 F.3d 1012, 1023 (11th Cir.2000), quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

### IV. Legal Analysis

The issue before this court is whether the defendant First Community owed any duty to the plaintiff to notify him of defendant Hart's non-payment of premiums. By contract,

First Community delegated the duty of notification to Hart. The Certificate of Coverage states:

> The Plan will notify the Group of the termination of coverage for any Member, the Group will then give written notice of the termination to the Member, at least 30 days prior to the effective date of termination of coverage. For purposes of this contract, "give written notice" means to present the notice to the Member or mail it to the Member's last known address.

Certificate of Coverage at 44, ¶ D.

Under Alabama law, an insurer is required to notify plan participants of coverage termination, unless preempted by ERISA. The Alabama requirement stems from the case of *Newton v. United Chambers Insured Plans*, 485 So.2d 1147 (Ala.1986). However, in *Presley v. Blue Cross of Alabama,* 744 F.Supp. 1051 (N.D.Ala.1990), the Honorable Edwin Nelson held that the rule from *Newton* is preempted by ERISA. *Presley*, 744 F.Supp. at 1061. As such, First Community argues it can and did delegate the duty to notify the plan participants of the lapse of coverage to the employer, Hart.[2] The plaintiff offers no evidence to contest this.

The court can find no breach of fiduciary duty from the facts before it. The court finds that the defendant also paid at least a portion of the medical bills the plaintiff asserts the defendant had a duty to pay. The plaintiff, having submitted nothing in response to the defendant's motion for summary judgment, has failed to satisfy his burden to go beyond the pleadings and by affidavits, or by 'depositions, answers to interrogatories, and admissions

---

[2]First Community also asserts it had no knowledge of Hart's failure to notify plan participants.

6

on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; Federal Rule of Civil Procedure 56(e).

The evidence submitted to this court as part of First Community's uncontested motion for summary judgment establishes that the First Community complied with the contract it entered to provide a group plan of insurance, terminated that coverage pursuant to the contract, and even paid benefits beyond those which it was obligated to pay.

## V. Conclusion

The plaintiff has wholly failed to present any evidence that the defendant's motion for summary judgment should not be granted. As such, the court finds First Community has satisfied its burden of affirmatively demonstrating the absence of a genuine issue of material fact. *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir.1991). In consideration of the foregoing, the Court **GRANTS** the defendant First Community's motion for summary judgment.

In accordance with Rule 54(b), Federal Rules of Civil Procedure, this court finding no just cause for delay, it **ORDERED, ADJUDGED** and **DECREED** that judgment be and hereby is entered in favor of First Community and against the plaintiff each, each party to bear its own costs.

**DONE** and **ORDERED** this the ____ day of May, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE

7